KEITH *v.* KEITH.

Opinion delivered June 15, 1931.

A. I. *Roland* and D. M. *Halbert*, for appellant.

*Joe W. McCoy*, for appellee.

McHANEY, J. January 10, 1919, the widow and heirs at law of John W. Keith, deceased, including appellants and appellees, leased certain lands belonging to said decedent's estate to one J. J. Ball for the removal of gravel. The particular piece of land now in controversy was described in the lease to Ball as follows: "And all gravel in section 17, township four, south of range seventeen west, lying east and west of Ouachita River." In the next paragraph of said lease it was stipulated that "the second party (Ball) is not to excavate closer than fifty feet to high bank on the south side of the gravel bar east of the river in the southeast quarter of the southeast quarter of section seventeen, and not to excavate closer than two hundred feet of the south line of the southwest quarter of the southeast quarter of section seventeen." Shortly after the execution of this lease,

dower was assigned to the widow in other lands, she agreeing to take a child's part, one-tenth, in the proceeds of the gravel lease, and the nine heirs taking a one-tenth share each. In May, 1919, appellant, M. N. Keith, purchased from appellees, Mrs. Batchelor and Mrs. McCoy, his sisters, their interest in the dower lands assigned to the widow for a consideration of $2,700 each, taking a warranty deed from each prepared by his attorney, in which the gravel bars were reserved by each in this language: "It being understood and agreed that this deed does not include our interest in any of the gravel bars leased to J. J. Ball by said Jennie S. Keith and others, and that all our rights in said gravel bars and said lease, and the proceeds to be paid under said lease according to the terms thereof, being hereby reserved. Said lease now being of record in mortgage record 'O,' page 415, in the recorder's office of Hot Spring County, Arkansas."

In April, 1929, a new lease agreement was made with H. F. Riley and others, the Ball lease of 1919 having been canceled, in which the land was described as follows: "All lands owned by the lessors, containing gravel in sections 16, 17 and 21, township 4 south, range 17 west." This controversy arises over a distribution of the proceeds from the sale of gravel under this latter lease.

Appellant, M. N. Keith, contends that Mrs. Batchelor and Mrs. McCoy are entitled to share only in the proceeds from the sale of gravel from that part of the gravel bed from which Mr. Ball was permitted to remove gravel in the original lease in section 17. In other words, it is his contention that his sisters reserved in their deeds to him only such gravel in section 17 as Ball was permitted to excavate, and that, when gravel is removed under the new lease in section 17, outside the limitation in the Ball lease of 1919, he is entitled to recover their share of the proceeds thereof by virtue of their deed to him. The chancery court denied his contention and dismissed his complaint for want of equity.

We think the court was correct in so holding. The original lease to Ball covered "all gravel in section seventeen." True, he was not permitted to excavate closer than 50 feet to the high bank in a certain quarter section, nor closer than 200 feet to the south line of another quarter section of 17, but the granting clause in said lease conveyed all gravel in section 17. It is simply a case of having a lease on more land than he was permitted to mine or excavate. The lease therefore covered all gravel in section 17, and the reservations in the deeds of Mrs. Batchelor and Mrs. McCoy clearly excepted from the conveyance their interest in "any gravel bars leased to J. J. Ball."

The decree is correct, and must be affirmed. It is so ordered.